## Peter Markowski v. Town of Pittsford and Town of Pittsford Board of Zoning Adjustment

[290 A.2d 27]

No. 141-71

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed April 4, 1972

*Kinney & Carbine*, Rutland, for Plaintiff.

*Bishop & Crowley*, Rutland, for Defendants.

**Per Curiam.** The plaintiff applied to the board of zoning adjustment of the town of Pittsford to establish a sanitary land fill operation on his premises in that community. The board denied plaintiff's application on October 26, 1970. On November 24, 1970, the plaintiff seasonably filed a notice of appeal from the decision of the board to the chancery court of Rutland County.

Subsequently, by its order dated July 14, 1971, the court dismissed the appeal for lack of jurisdiction on the ground that

24 V.S.A. § 4471 provides that the appeal from the decision of the board of adjustment is to the county court of the county in which the subject property is located and not to the court of chancery.

On July 22, 1971, the plaintiff moved the court to strike the order, rehear the case, and grant his motion for a transfer of the case to the county court. The court denied this motion on August 24, 1971, which caused plaintiff to appeal to this court.

The legislature enacted Act No. 129 at its 1969 session which provides in part as follows:

> "Sec. 1. On and after the effective date of this act, all rights, powers and duties of a chancellor shall vest exclusively in the presiding judges of the county courts and the powers and jurisdiction of the courts presently vested in the courts of chancery shall vest in the county courts.
>
> "Sec. 4. The justices of the supreme court may provide for a merger of the rules for the conduct of actions at law and chancery matters in the county courts under 12 V.S.A. § 1.
>
> "Sec. 5. 4 V.S.A. §§ 211–218 are hereby repealed.
>
> "Sec. 6. This act shall take effect from passage but its provisions shall not become operational until the effective date of the rules issued by the justices of the supreme court under section 4 of this act."

The repealed statutes mentioned in Section 5, *supra,* have to do with the establishment, powers, jurisdiction and other matters relating to courts of chancery. The effective date of the rules issued by this Court was July 1, 1971, which fact determined that the provisions of Act No. 129 (4 V.S.A. §§ 219–222) became operational as of that date.

As a consequence, the court of chancery was abolished on July 1, 1971, and the provision in Section 1 of the act (4 V.S.A. § 219) that "jurisdiction of the courts presently vested in the courts of chancery shall vest in the county courts" became an accomplished fact. Under these circumstances, procedural merger of the plaintiff's appeal was accomplished and the case then stood for hearing by the court.

There was no authority for the issuance of the orders on July 14, 1971, and August 24, 1971, by the non-existent chancery court. They were without force or effect.

*Reversed and cause remanded for hearing by full court.*